UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                             Case No. 8:09-bk-04466-MGW
                                                   Chapter 7
Samantha Mary White,

     Debtor.
_____/

## MEMORANDUM OPINION ON MOTION FOR SANCTIONS

Upon the filing of a petition for bankruptcy, the automatic stay prevents creditors

from seeking to enforce pre-petition debts.  If a creditor with actual knowledge of the

bankruptcy case nevertheless attempts to enforce a pre-petition debt, the creditor may be

liable for damages.  Further, if the creditor's actions are egregious, then punitive damages

may also be awarded.  In this case, an unsecured creditor, Platinum Protection, received

formal and repeated informal notice of the Debtor's bankruptcy filing.  Notwithstanding

actual notice, the creditor engaged in a pattern of telephone calls to the Debtor, to the

relatives and family members of the Debtor, and to the Debtor's place of employment in

an attempt to collect its pre-petition debt.  Based on these circumstances, as elaborated

below, the Court will enter judgment against Platinum Protection for both actual and

punitive damages.[1]

### *Findings of Fact*

The Debtor filed her voluntary petition under Chapter 7 of the Bankruptcy Code

on March 11, 2009.  (Doc. No. 1.)  This is the Debtor's first bankruptcy case.  Platinum

---

[1] The Debtor's Motion for Sanctions against Platinum Protection (Doc. No. 15) ("Motion") was set for hearing by the Court and a notice of scheduled hearing was sent to Platinum Protection, which nevertheless did not appear to defend itself.  Accordingly, the Court accepted the proffers made by the Debtor's counsel and affirmed by the Debtor, along with the statements of fact included in the Motion.  The Court has already entered an Order awarding damages.  This Opinion is entered to supplement and explain the Court's oral ruling.

Protection, an unsecured creditor listed in Schedule F, was served by first class mail with the Notice of Commencement of Case. (Doc. No. 5.) Nevertheless, within a month of the filing of the bankruptcy petition, Platinum Protection began making phone calls to the Debtor in an effort to collect on a pre-existing, unsecured debt. After receiving almost daily phone calls, the Debtor emailed Platinum Protection, directing it to cease collection efforts and giving Platinum Protection additional notice of the existence of this bankruptcy case. However, the phone calls continued.

Additionally, with actual knowledge of the bankruptcy filing, Platinum Protection contacted the Debtor's emergency telephone numbers, advising the Debtor's family and friends of its status as a creditor attempting to collect outstanding debt. Upon becoming aware of the calls to her emergency numbers, the Debtor sent additional written correspondence to Platinum Protection, informing them of the continued collection efforts in violation of the automatic stay, which at that point included multiple, daily communications that were causing her extreme stress. (Doc. No. 14.) In the aggregate, Platinum Protection contacted the Debtor on approximately fifty occasions.

### Conclusions of Law

The filing of a petition under any chapter of the Bankruptcy Code operates as an automatic stay of, *inter alia*, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6) (2009). The automatic stay of § 362 is designed to give debtors "a breathing spell from [] creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressure that drove [the debtor] into bankruptcy." *Ellison v.*

*Northwest Engineering Co.*, 707 F.2d 1310, 1311 (11th Cir. 1983) (quoting H. R. Rep. No. 95-595, at 340-344 (1977)). The automatic stay is integral to the operation of the Bankruptcy Code—it is one of the "fundamental debtor protections" under title 11. *Fla. Dep't of Rev. v. Omine (In re Omine)*, 485 F.3d 1305, 1314 (11th Cir. 2007). The Eleventh Circuit has characterized the automatic stay as "essentially a court-ordered injunction, [and] any person or entity who violates the stay may be found in contempt of court." *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1546 (11th Cir. 1996) (citations omitted). The automatic stay continues to operate until the time the case is closed, dismissed, or until the time a discharge is granted or denied. *See* § 362(c)(2). Congress has provided for the mandatory imposition of actual damages and the discretionary imposition of punitive sanctions where the automatic stay is willfully violated. § 362(k).

*Willful Violation*

While any violation of the stay is prohibited under § 362, damages are only awarded where the violation is "willful." A willful violation of a stay "occurs when the creditor '(1) knew the automatic stay was invoked and (2) intended the actions which violated the stay.'" *Durie v. Dueease (In re Dueease)*, No. 06-02959, 2008 WL 4936398, at *3 (Bankr. M.D. Fla. Apr. 2, 2008) (quoting *Jove Eng'g, Inc.*, 92 F.3d at 1555). Willfulness requires either "actual knowledge that a bankruptcy is under way," *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004), or, as some courts have held, "notice of sufficient facts to cause a reasonably prudent person to make additional inquiry to determine whether a bankruptcy petition has been filed." *In re Sansone*, 99 B.R. 981, 984 (Bankr. C.D. Cal. 1989) (citations omitted). In the present case, the creditor had actual knowledge of the pendency of the bankruptcy. There need not be specific intent to

violate the stay on the part of the violator, the act itself need only be intentional. *Jove Eng'g, Inc.*, 92 F.3d at 1555. As such, making collection calls to a Debtor is clearly an intentional act.

*Actual Damages*

Under § 362(k)(1), actual damages, including costs and attorneys' fees, "shall" be awarded to an individual injured by a willful violation of the automatic stay. Any violation of the stay under § 362(a)(6) injures the debtor by restricting the debtor's breathing spell and subjecting the debtor to continued harassment and intimidation by prolonged collection efforts. *Jackson v. Dan Holiday Furniture, L.L.C. (In re Jackson)*, 309 B.R. 33, 37 (Bankr. W.D. Mo. 2004). However, some courts have limited actual damages to the monetary loss caused by collection calls. For example, the Bankruptcy Court for the District of Idaho estimated the amount of lost revenue caused by the amount of time spent dealing with collection calls and used that estimate as the actual damage award. *In re Hodges*, No. 04-03275, 2004 WL 4960369, at *3 (Bankr. D. Idaho Dec. 15, 2004).

Other courts have made general determinations as to the damages caused by post-petition phone calls made in violation of the stay. In this District, Judge Briskman has awarded a debtor $250 in actual damages, plus attorneys' fees and costs, for three post-petition phone calls made by a landlord seeking payment on a claim for back rent. *Durie v. Dueease*, 2008 WL 4936398, at *3. Noting the difficulty in quantifying damages for such stay violations, the Bankruptcy Court for the Middle District of Alabama decided to award $100 in actual damages per phone call made in violation of the stay and $1,000 per letter sent in violation of the automatic stay. *In re Hildreth*, 357 B.R. 650, 655 (Bankr.

4

M.D. Ala. 2006) (awarding actual damages in the amount of $9,000 and punitive

damages in the amount of $18,000).

<em>Punitive Damages for Egregious Behavior</em>

Bankruptcy courts have discretion to award punitive damages for a willful

violation of the stay when "appropriate." § 362(k)(1). Punitive damages are appropriate

"when the violator acts in an 'egregious intentional manner.'" *In re Hedetneimi*, 297

B.R. 837, 843 (Bankr. M.D. Fla. 2003) (quoting *In re Rivers*, 160 B.R. 391, 394 (Bankr.

M.D. Fla. 1993)). Many courts have adopted the standard expounded in *In re Wagner*, 74

B.R. 898 (Bankr. E.D. Pa. 1987), for determining when punitive damages are appropriate.

*See Keen v. Premium Asset Recovery Corp. (In re Keen)*, 301 B.R. 749, 755 (Bankr. S.D.

Fla. 2003) (Hyman, J.). Under *Wagner*, punitive damages are generally appropriate when

the creditor "acted with actual knowledge that he was violating the federally protected

right or with reckless disregard of whether he was doing so." *Id.* (quoting *In re Wagner*,

74 B.R. at 903-904). The following factors are considered in determining whether to

award punitive damages for a willful violation of the automatic stay: (1) the nature of the

defendant's conduct; (2) the nature and extent of the harm to the plaintiff; (3) the

defendant's ability to pay; (4) the motives of the defendant; (5) any provocation by the

debtor. *In re Wagner*, 74 B.R. at 905; *see also Johnson v. Precision Auto Sales (In re*

*Johnson)*, No. 06-00164, 2007 WL 2274715, at *10 (Bankr. N.D. Ala. Aug. 7, 2007);

*Keen v. Premium Asset Recovery Corp.*, 301 B.R. at 755.

As in this case, punitive damages are appropriate when the creditor's actions

demonstrate a willful disrespect or arrogant defiance of the bankruptcy laws. *Johnson v.*

*Precision Auto*, 2007 WL 2274715, at *11; *In re Arnold*, 206 B.R. 560, 568 (Bankr. N.D.

5

Ala. 1997). They are also appropriate where the creditor's actions constitute a pattern of abusive conduct. *In re Hildreth*, 357 B.R. at 655-56.

As a general matter, punitive damages serve both as punishment for wrongful conduct and as a deterrent of future wrongful conduct. *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2621, 171 L. Ed. 2d 570 (2008). Either a judge or a jury may impose punitive damages. *See generally id.* at 2625. The Supreme Court has established three "guideposts" for courts when contemplating the imposition of punitive damage awards: (1) the degree of reprehensibility of the defendant's conduct; (2) the disparity between the harm or potential harm suffered by the plaintiff and the punitive damages awarded; and (3) the difference between the award granted and the civil penalties imposed in similar cases. *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575, 116 S. Ct. 1589, 1598, 134 L. Ed. 2d 809 (1996). For the most part, these guideposts have limited punitive damage awards to a single-digit ratio between the punitive and actual damages awarded. *Exxon Shipping*, 128 S. Ct. at 2626.

### The Court's Award of Actual and Punitive Damages

In this case, Platinum Protection received actual, repeated notice of the Debtor's bankruptcy petition but nevertheless continued with daily phone calls to the Debtor, her friends, and her family in a collection effort that lasted for several months after the filing. Platinum Protection acted intentionally and with actual knowledge of the automatic stay, and thus, its actions were willful. Therefore, the Debtor is entitled to recover her actual damages suffered, including attorneys' fees and costs. This Court adopts the approach in *Hildrith* and finds that an appropriate award for actual damages is $100 per phone call made in violation of the automatic stay by Platinum Protection. The Debtor attests that

she was called on approximately fifty occasions; therefore the Court awards $5,000 in actual damages.

Platinum Protection's actions in this case were also egregious. The Debtor contacted Platinum Protection on numerous occasions to notify it as to the pendency of the bankruptcy case, and yet calls to the Debtor continued. Moreover, Platinum Protection engaged in practices intended to expose the Debtor to embarrassment and humiliation by calling the Debtor's workplace and emergency contacts to inform them of the Debtor's delinquent status. These circumstances constitute the "appropriate circumstances" under which punitive damages should be awarded, under any standard. Based on the egregious nature of the conduct of Platinum Protection, the Court finds that an award of $10,000 in punitive damages is an appropriate punishment and deterrent. Should these actions continue, the Court will consider revising that award. The award is clearly appropriate and in line with Supreme Court guidelines on punitive damages, as the ratio between punitive and actual damages awarded is only 2:1.

The Court hopes that Platinum Protection will take to heart the message sent by this award of punitive damages. The conduct seen in this case is not acceptable, and the Court will not hesitate to defend the integrity of the bankruptcy laws and the bankruptcy court, as well as the protections afforded to debtors who seek shelter under them.

**DATED** in Chambers at Tampa, Florida, on _August 11, 2009_

_MGWilliamson_

Michael G. Williamson
United States Bankruptcy Judge

Copies to be provided by CM/ECF service.